```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA,    )
                             )
         v.                  )   Crim. No. 77-632(TFH)
                             )
ARTHUR WATSON, JR.,          )
         Defendant.          )

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### TO EXPUNGE CRIMINAL RECORD

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following opposition to defendant's motion to expunge criminal record.

In <u>Doe v. Webster</u>, 606 F.2d 1226, 1230 (D.C. Cir. 1979), the D.C. Circuit noted that, even absent a statute authorizing expungement, federal courts have the power to order expungement only in certain extraordinary circumstances. In <u>Doe</u>, <u>supra</u>, the court reviewed the expungement case law, and indicated that the power to grant expungement is very narrowly limited:

> [A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.

Furthermore, an individual is not entitled to expungement of an otherwise legal arrest record simply because the charges are subsequently dismissed or if a trial ends in acquittal. <u>United States v. Schnitzer</u>, 567 F.2d 536 (2d Cir. 1977), <u>cert</u>. <u>denied</u>, 435 U.S. 907 (1978).

In this case, defendant was convicted of one count of conspiracy to distribute heroin, and was sentenced to four to 12 years imprisonment, followed by a special parole term of three years, consecutive to any prior sentence. On March 4, 1980, defendant's conviction was reversed by the Court of Appeals and the case was remanded for a new trial. The Court of Appeals did not reverse defendant's conviction because of insufficient evidence of defendant's guilt, but because "[defendant] was impermissibly impeached by a misdemeanor firearms conviction not involving dishonesty." United States v. Slade, 627 F.2d 293, 297 (D.C. Cir. 1980). On August 1, 1980, defendant's case was dismissed.

On July 9, 2007, almost 27 years after his case was dismissed, defendant filed the instant motion, asking this Court to expunge his record so that he can "clear his name." The defendant has not claimed that governmental misbehavior led to his arrest, that he was innocent, and that the harm to him from the maintenance of the arrest record was not attributable to his own criminal conduct. Nor has he established flagrant violations of the Constitution, or any other special circumstances, to establish that he is entitled to this relief. Instead, he asks solely for the Court, in its leniency, to spare him a burden that is the product not of government misbehavior but of his own commission of a crime. The Court simply lacks the power to

expunge an arrest under these circumstances and, as it were, to re-write history so that the defendant's employers are in effect misled as to defendant's true and accurate criminal history.  See Doe, supra, 606 F.2d at 1231.  Accordingly, defendant's motion should be summarily denied.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, Bar No. 498610
                              United States Attorney


_____
                              ROBERT D. OKUN, Bar No. 457078
                              Assistant United States Attorney
                              Chief, Special Proceedings Division

CERTIFICATE OF SERVICE

    I certify that I caused the foregoing document to be mailed this 5th day of September, 2007 to Arthur Watson, Jr., 2120 Gaither St., Temple Hills, MD 20745.

―――――――――――――――――――
Robert D. Okun, Bar No. 457078
Assistant United States Attorney
Room 10-435
Judiciary Center Bldg.
555 4th Street N.W.
Washington, D.C. 20530
202-514-7280.

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA,      )
                               )
        v.                     )      Crim. No. 77-632(TFH)
                               )
ARTHUR WATSON, JR.,            )
        Defendant.             )

O R D E R

Upon consideration of defendant's motion to expunge criminal record, and the government's opposition to defendant's motion, and it appearing that the defendant is not entitled to the relief sought,

It is hereby ORDERED that the defendant's motion to expunge criminal record is hereby DENIED.

```
                               _____
                               THOMAS F. HOGAN
                               CHIEF JUDGE
```

DATE:

Copies to:

Robert D. Okun, Bar #457078
Assistant United States Attorney
Room 10-435
555 4th Street N.W.
Washington, D.C. 20530
202-514-7280

Arthur Watson, Jr.
2120 Gaither St.
Temple Hills, MD 20745